UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| LARRY CHAD FIELDS, | ) |  |  |
|---|---|---|---|
| Plaintiff, | ) |  |  |
| v. | ) | No.: | 2:24-CV-203-TAV-CRW |
| TODD EAST LAW, et al., | ) |  |  |
| Defendants. | ) |  |  |

## MEMORANDUM OPINION AND ORDER

The Court is in receipt of a pro se prisoner's complaint under 42 U.S.C. § 1983 [Doc. 1], motion to amend or revise the complaint [Doc. 5], and motion for leave to proceed *in forma pauperis* [Doc. 4].

Under the Prison Litigation Reform Act of 1995 ("PLRA"), a prisoner who files a complaint in a district court must tender the full filing fee *or* he must file (1) an application to proceed *in forma pauperis* without prepayment of fees *and* (2) a certified copy of his inmate trust account for the previous six-month period (or institutional equivalent). 28 U.S.C. § 1915(a)(2). Plaintiff has not paid the required $405.00 filing fee, nor has he submitted the proper documents to proceed *in forma pauperis*. Specifically, Plaintiff has not filed a certified copy of his inmate trust account (or its institutional equivalent) for the previous six-month period. Therefore, the Court cannot currently determine whether

Plaintiff is entitled to pauper status, which would permit him to pay the filing fee through installments.[1] *See* 28 U.S.C. § 1915(b)(1), (2).

Accordingly, the Clerk is **DIRECTED** to send Plaintiff an inmate account form. Along with his motion, Plaintiff has included a statement that Sullivan County Jail officials have failed to supply him with the necessary information [Doc. 4, p. 3]. Accordingly, the Court **ORDERS** Plaintiff to show this Order to the custodian of trust accounts at the Sullivan County Jail. The Court **ORDERS** the custodian of trust accounts to (1) make a copy of Plaintiff's inmate trust account statement; (2) complete, sign, and notarize the inmate trust account certification form with Plaintiff's information; and (3) provide both to Plaintiff.

Plaintiff shall have thirty (30) days from the date of entry of this Order to pay the full filing fee or to submit the necessary documents. Plaintiff is hereby **NOTIFIED** that if he fails to fully timely comply with this Order, the Court will presume that Plaintiff is not a pauper, assess the full amount of fees, and order the case dismissed for want of prosecution.

Further, Plaintiff is **NOTIFIED** that the Court **WILL NOT** consider any amendments and/or supplements to the complaint or any other kind of motion for relief until after the Court has screened the complaint pursuant to the PLRA, *see, e.g.,* 28 U.S.C.

---

[1] "All prisoners while incarcerated must now pay the required filing fees and costs. When an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the proceeding or over a period of time under an installment plan. Prisoners are no longer entitled to a waiver of fees and costs." *In re Prison Litig. Reform Act*, 105 F.3d 1131, 1131 (6th Cir. 1997); *see also* 28 U.S.C. § 1915(b)(1) ("[I]f a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee.").

§§ 1915(e)(2)(B) and 1915A, which the Court will do as soon as practicable. Accordingly, the Court will automatically deny any requests to amend or supplement the complaint and/or motions filed before the Court has completed this screening.

Finally, Plaintiff is **ORDERED** to immediately inform the Court and Defendants of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen (14) days of any change in address may result in the dismissal of this action.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE