UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

LARRY CHAD FIELDS,          )
                            )
          Plaintiff,        )
                            )
v.                          )          No.:    2:24-CV-203-TAV-CRW
                            )
TODD EAST LAW, et al.,      )
                            )
          Defendants.       )

## MEMORANDUM OPINION AND ORDER

Plaintiff, a prisoner at the Sullivan County Detention Center, filed a motion to proceed *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983 [*See* Doc. 4]. Finding that the motion was not properly supported, the Court entered an Order on November 19, 2024, providing Plaintiff with 30 days within which to pay the filing fee or submit the necessary documents [Doc. 7]. The Court cautioned Plaintiff that failure to comply with the Order would result in the assessment of the full filing fee and dismissal of this case [*Id.* at 2]. The deadline has passed, and Plaintiff has not complied with the Order or otherwise communicated with the Court.

Under Federal Rule of Civil Procedure 41(b), the Court may dismiss a case for a failure of the plaintiff "to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b); s*ee also Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362–63 (6th Cir. 1999); *see also Rogers v. City of Warren*, 302 F. App'x 371, 375 n.4 (6th Cir. 2008) ("Although Rule 41(b) does not expressly provide for a sua sponte dismissal (the rule actually provides for dismissal on defendant's motion), it is well-settled that the district

court can enter a sue sponte order of dismissal under Rule 41(b)." (citing *Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962))). The Court examines four factors when considering dismissal under Fed. R. Civ. P. 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005).

First, Plaintiff's failure to timely comply with the Court's Order was due to Plaintiff's willfulness or fault. Plaintiff has chosen not to comply with, or even respond to, the Court's Order. Second, the Court finds that Plaintiff's failure to comply with the Court's Order has not resulted in any prejudice to Defendants. Third, the Court's Order expressly warned Plaintiff that failure to timely comply with the Order would result in the dismissal of this action [Doc. 7, p. 2]. And finally, the Court concludes that alternative sanctions are not warranted, as Plaintiff's failure to comply with the Court's clear instructions has left the Court unable to move this case forward. On balance, these factors support dismissal of this action under Rule 41(b).

Moreover, "while *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe,* 951 F.2d 108, 109 (6th Cir. 1991).

Plaintiff's pro se status did not prevent him from complying with the Court's Order, and Plaintiff's pro se status does not mitigate the balancing of factors under Rule 41(b).

As Plaintiff failed to demonstrate that he is entitled to pauper status, his motion to proceed *in forma pauperis* [Doc. 4] is **DENIED**. Plaintiff is **ASSESSED**[1] the filing fee of $405.00, and this action will be **DISMISSED**.

The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a).

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

---

[1] "Section 1915(b)(1) compels the payment of the [filing] fees at the moment the complaint . . . is filed." *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997).